**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

FREDERICK V. EICHLER and
MICHELLE M. EICHLER,

    Plaintiffs,

v.                                        Civ. No. 1:21-cv-00645 MIS/KRS

INBANK and SOUTH STATE BANK, N.A.,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on the Joint Motion to Dismiss Complaint Or, In the Alternative, Transfer Venue to the District of Colorado, filed by Defendants Inbank, F/K/A International Bank and South State Bank, N.A. ECF No. 3. Plaintiffs responded, and Defendants replied. ECF Nos. 14, 18. For the reasons that follow, the Court will **DENY** the Motion **IN PART**.

## **BACKGROUND**

Plaintiffs' claims arise out of Defendants' allegedly fraudulently inducing them to execute an interest rate swap, instead of a fixed rate loan with no prepayment penalty, in connection with Plaintiffs' refinancing of a loan supporting their ranching business. ECF No. 1-2 at 2. The agreement at issue includes a Rate Conversion Agreement ("RCA") and a Promissory Note, which is incorporated by reference into the RCA. *See* ECF No. 1-2 at 67–78. Plaintiffs attached unexecuted versions of both documents to their Complaint. *See id.*

Plaintiffs are domiciled in Colorado, where their ranches are also located. *Id.* at 7. Defendant South State Bank, N.A., is not registered to do business in New Mexico, and

has its main office in Florida. ECF Nos. 1-2 at 7; 3 at 1. Defendant InBank is a corporation organized under the laws of New Mexico that does business in both Colorado and New Mexico. ECF No. 3 at 8. The alleged conduct that gave rise to this case—including both the negotiation of the loan, and the loan closing—took place in Trinidad, Colorado. ECF No. 1-2 at 9, 13.

Plaintiff filed suit in New Mexico state court on June 2, 2021, alleging violations of the Commodities Exchange Act, negligent misrepresentation, unfair and deceptive trade practices, and related claims. *Id.* at 1. Defendants removed the case to this Court on July 14, 2021. ECF No. 1 at 1. Defendants now move for dismissal of Plaintiffs' claims against them on the basis that (1) there is no personal jurisdiction in this forum, and (2) venue in this District is improper. In the alternative, Defendants move to transfer this case to the District of Colorado for the convenience of the parties. ECF No. 3 at 2.

## LEGAL STANDARD

A motion under Federal Rule of Civil Procedure 12(b)(2) challenges the existence of personal jurisdiction. Traditional bases of personal jurisdiction include consent, domicile and physical presence at the time of service. *See Burnham v. Superior Court of California, Cnty. of Marin*, 495 U.S. 604, 611–17 (1990). In a federal question case where no traditional basis of personal jurisdiction exists, a court must determine (1) whether the applicable long-arm statute confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process. *Peay v. Bellsouth Medical Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000). New Mexico's long-arm statute "extends the jurisdictional reach of New Mexico courts as far as constitutionally permissible." *Tercero v. Roman Catholic Diocese*, 48 P.3d 50, 54 (N.M.

2002); N.M. Stat. § 38-1-16 (2018). Therefore, the statutory inquiry collapses into the constitutional analysis. *Anzures v. Flagship Rest. Grp.*, 819 F.3d 1277, 1279 (10th Cir. 2016). The Due Process Clause allows for personal jurisdiction over a nonresident defendant "so long as there exist minimum contacts between the defendant and the forum State." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980).

On a Rule 12(b)(2) motion, "[t]he plaintiff has the burden of establishing personal jurisdiction." *Id.* at 839. "Prior to trial, however, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing." *Behagen v. Amateur Basketball Assoc.*, 744 F.2d 731, 733 (10th Cir. 1984). The court takes as true "all well-pled (that is, plausible, non-conclusory, and non-speculative) facts" alleged in the complaint, unless they are contested by affidavit or other written materials. *Dudnikov v. Chalk & Vermilion Fine Arts*, 514 F.3d 1063, 1070 (10th Cir. 2008); *see also Schrader v. Biddinger*, 633 F.3d 1235, 1248 (10th Cir. 2011) ("[E]ven well-pleaded jurisdictional allegations are not accepted as true once they are controverted by affidavit," which may in turn be contradicted by "specific averments, verified allegations, or other evidence sufficient to create a genuine issue of fact."). If the parties present contradicting affidavits, all factual disputes must be resolved in the plaintiff's favor. *Behagen*, 744 F.2d at 733.

## DISCUSSION

Defendants argue that this Court does not have personal jurisdiction over Defendant South State Bank, N.A. ("South State"), as it is "an out-of-state, non-resident of New Mexico that does not do business in New Mexico and does not have minimum contacts with New Mexico," and the claims stem from "an agreement negotiated and

3

executed in Colorado, not New Mexico." ECF No. 3 at 1-2. Defendants also allege that venue is improper under 28 U.S.C. § 1391(b) because "(i) the Defendants are residents of different states, (ii) all of the events giving rise to the Claims occurred in the District of Colorado and the property that is subject to this dispute is located in Colorado; and (iii) the District of Colorado is a proper venue in which Plaintiffs can pursue the claims." ECF No. 3 at 2. Defendants therefore contend that the Court should dismiss the case, or, in the alternative, transfer the case to the District of Colorado for the convenience of the parties. *Id.*

Plaintiffs, meanwhile, maintain that Defendant South State consented to the jurisdiction of this Court in the RCA. ECF No. 14 at 4. Additionally, Plaintiffs argue that Defendant South State purposefully availed itself of the privileges and benefits of New Mexico and thus meets the minimum contacts requirement for personal jurisdiction. *Id.* at 6. Plaintiffs allege that transfer to Colorado would be improper because the parties selected New Mexico. *Id.* at 7. Finally, Plaintiffs observe that Defendants do not challenge the Court's personal jurisdiction as to Defendant InBank, which is a New Mexico corporation. ECF No. 14 at 2.

### I. Whether Defendant South State Consented to Personal Jurisdiction

"[P]arties to a contract may agree in advance to submit to the jurisdiction of a given court." *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315–16 (1964). Absent fraud, duress, or other coercive factors, such an agreement precludes consenting defendants from later contesting personal jurisdiction unless they can clearly show that enforcement of the clause would be unreasonable. *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *see also Mueller v. Sample,* 93 P.3d 769, 772 (N.M. Ct. App. 2004) ("A

contractual forum selection clause is prima facie valid and should be enforced unless unreasonable under the circumstances."). "To the extent that parties have consented to personal jurisdiction in a certain forum, application of a forum state's long-arm statute and analysis of a party's contacts with the forum state are unnecessary." *Elec. Realty Assocs., L.P. v. Vaughan Real Estate, Inc.*, 897 F. Supp. 521, 523 (D. Kan. 1995); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n.14 (1985) ("Where such forum-selection provisions have been obtained through 'freely negotiated' agreements . . . their enforcement does not offend due process."). Such forum-selection agreements may, however, be conditional. *See, e.g.*, *Nevins v. McKinley Capital Mgmt., Inc.*, 198 F.3d 258 (10th Cir. 1999) (finding no personal jurisdiction where parties consented only to service for actions arising out of investment advisor activities).

Defendants make various arguments with regard to the apparently-unfulfilled condition precedent within a clause in the Promissory Note where Plaintiffs agreed "upon Lender's request to submit to the jurisdiction of the courts of Colfax County, State of New Mexico," as Defendants never made such a request. ECF No. 1-2 at 68; *see* ECF No. 18 at 3. Plaintiffs, in turn, argue that Defendants waived their ability to even file the current Motion based on a clause in the RCA stating that the parties waived immunity on the grounds of sovereignty "or similar grounds" from jurisdiction of any court. ECF No. 1-2 at 77; *see* ECF No. 14 at 6.

This case, however, appears to turn instead on the RCA's "governing law *and jurisdiction*" clause. ECF No. 1-2 at 77 (emphasis added). In particular, the RCA states that

…

> [t]his Agreement will be governed by and construed in accordance with **the state law governing the Loan Agreement.** Each party irrevocably submits to the non-exclusive jurisdiction of the courts of such state and any federal courts identified therein and waives any objections thereto.

ECF No. 1-2 at 77 (emphasis added). Plaintiffs assert that the "Loan Agreement" referenced is the Promissory Note, ECF No. 14 at 5. The Promissory Note, in turn, includes a choice of law provision, clearly stating that it

> **will be governed by federal law applicable to Lender and**, to the extent not preempted by federal law, **the laws of the State of New Mexico** without regard to its conflicts of law provisions. This Note has been accepted by Lender in the State of New Mexico.

ECF No. 1-2 at 68 (emphasis added). The Plaintiffs therefore argue that RCA incorporates the choice of venue of the Promissory Note. That is, by the Plaintiffs' logic, the "state law governing the Loan Agreement" is the law of New Mexico, and Defendants have "irrevocably submit[ted] to the non-exclusive jurisdiction of the courts" of New Mexico and this Court. This interpretation is not inconsistent with the conditional limitation to Colfax County, New Mexico elsewhere in the Promissory Note; that conditional limitation, in context, can be read as giving Defendants the option to narrow their preexisting agreement to submit to the jurisdiction of New Mexico courts more generally.

Defendants do not, in their Reply, dispute that the Promissory Note is the Loan Agreement referenced in the RCA, and do not attach a separate Loan Agreement to their pleading.[1] *See generally* ECF Nos. 3, 18. Plaintiffs' version of events is thus uncontroverted. *See* ECF No. 1-2 at 8; *see also Behagen*, 744 F.2d at 733; *Schrader*,

---

[1] Defendants do note that "[t]he Choice of Venue language in the Loan Agreement is identical to the Choice of Venue language in the subject Promissory Note," arguably implying two different documents, but they neither attach a Loan Agreement with different governing law than the Promissory Note nor explicitly state they contest Plaintiffs' assertion that the document is one and the same. ECF No. 18 at 3 n.1. This is insufficient to challenge Plaintiffs' prima facie showing of personal jurisdiction.

633 F.3d at 1248. The Court therefore finds that Plaintiffs have met their burden under 12(b)(2) to make a prima facie showing of the Court's personal jurisdiction over Defendants. *See XMission, L.C.*, 955 F.3d at 839; *Behagen*, 744 F.2d at 733; *Dudnikov*, 514 F.3d at 1070. Because the Court finds Plaintiffs have met their burden of showing personal jurisdiction by consent, the Court will not address the parties' constitutional arguments. *See Burger King*, 471 U.S. at 473 n.14.

## II.     Whether Venue is Proper

Defendants argue that under 28 U.S.C. § 1391, venue is improper. ECF No. 3 at 8. Under 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

However, as Plaintiffs note, Section 1391 does not apply to removed actions. *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953). Instead, the applicable statute is 28 U.S.C. § 1441, which states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Because Defendants removed this case from the First Judicial District Court of Santa Fe County, New Mexico, this District embraces the place where the present action was pending, and venue is proper in this court. *See* ECF Nos. 1 at 1; 1-2; *Trout v.*

*Organizacion Mundial de Boxeo, Inc.*, Civ. No. 2:16-cv-00097 JCH/KRS, 2016 WL 10179368, at *4 (D.N.M. Aug. 3, 2016). Additionally, as discussed above, Defendants have consented to this choice of venue. *See* ECF No. 1-2.

### III.     Whether the Case Should be Transferred

Finally, in the alternative, Defendants argue the Court should transfer the case to the District of Colorado for the convenience of the parties pursuant to 28 U.S.C. § 1404(a), which states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *See* ECF No. 3 at 2.  Plaintiffs, meanwhile, argue that the Section 1404(a) discretionary factors do not support a change of venue. Plaintiffs also contend that under Defendants' own analysis, Colorado is *not* a district where the case might have been brought, as Defendant South State lacks minimum contacts with the jurisdiction, and therefore Defendants' arguments are inconsistent with transfer. ECF No. 14 at 7.

Section 1404(a) affords courts broad discretion to adjudicate motions to transfer based on a case-by-case review of convenience and fairness. *See Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1509, 1516 (10th Cir. 1991). Courts consider factors including:

> [i] the plaintiff's choice of forum; [ii] the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; [iii] the cost of making the necessary proof; [iv] questions as to the enforceability of a judgment if one is obtained; [v] relative advantages and obstacles to a fair trial; [vi] difficulties that may arise from congested dockets; [vii] the possibility of the existence of questions arising in the area of conflict of laws; [viii] the advantage of having a local court determine questions of local law; and, [ix] all other considerations of a

practical nature that make a trial easy, expeditious and economical. *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)*; see also Res. Associates Grant Writing & Evaluation Services, Inc. v. Southampton Union Free Sch. Dist.,* 193 F. Supp. 3d 1200, 1226–27 (D.N.M. 2016).

  i.  Plaintiffs' Choice of Forum

Defendants argue that Plaintiffs' choice of forum should be given little weight in this case, because New Mexico is not their home district, the facts of the case have little relation to New Mexico, and the case has been removed to federal court. ECF No. 3 at 11. Plaintiffs, meanwhile, contend that all parties selected New Mexico, and that even a non-exclusive choice of venue clause weighs in favor of retaining the case. ECF No. 14 at 9.

"Unless the balance is strongly in favor of the movant[,] the plaintiff's choice of forum should rarely be disturbed." *William A. Smith Contracting Co., Inc. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972). However, a plaintiff's choice of forum should be afforded less weigh if the plaintiff does not reside in the district, and where the facts giving rise to the lawsuit have "no material relation or significant connection" to the forum. *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 (10th Cir. 2010) (internal quotation marks omitted). While a forum-selection clause is a "significant factor" in a court's § 1404(a) analysis, it is not dispositive on its own. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)

As discussed above, the Court agrees that all parties chose New Mexico as their non-exclusive forum. However, here, the Plaintiffs do not reside in the district, and the

conduct giving rise to the lawsuit took place in Colorado. *See id.* This factor therefore weighs only slightly against transfer.

### ii.  Docket Congestion

Next, Defendants argue that court dockets are more congested in New Mexico, citing statistics that the District of Colorado resolves cases 1.1 months more quickly on average. ECF No. 3 at 13. Plaintiffs maintain that the "marginal increase in case disposition time is negligible and outweighed by the filings per judge, which is much lower in New Mexico." ECF No. 14 at 12. The Court finds that although there is variability in each case, the District's congestion speaks for itself in its slower rate of resolution of cases. This factor therefore weighs in favor of transfer.

### iii.  Conflicts of Law

Defendants contend that although the claims asserted are pled under New Mexico law, Colorado law should be applied to Plaintiffs' tort claims. ECF No. 3 at 14. Plaintiffs argue that the non-federal claims are "straightforward common law claims" and that there is not a significant difference in the application of the common law between New Mexico and Colorado. ECF No. 14 at 12. Additionally, Plaintiffs maintain that federal judges are qualified to apply either state's law. *Id.*

"In determining which jurisdiction's law should apply to a tort action, New Mexico courts follow the doctrine of *lex loci delicti commissi*—that is, the substantive rights of the parties are governed by the law of the place where the wrong occurred." *Terrazas v. Garland & Loman, Inc.*, 2006-NMCA-111, ¶ 12, 140 N.M. 293, 296, 142 P.3d 374, 377. However, the applicability of a given state's law is not a significant concern where the

legal issues involved are relatively simple. *See Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992).

Here, while the underlying financial transaction is complex, Plaintiffs' fraud and contract claims themselves are the relatively simple legal issues of the sort that factor little into the decision to transfer. *Id.* However, while the state claims actually pled are New Mexico state claims, and Defendants accepted the Promissory Note in New Mexico as a matter of law, ECF No. 1-2 at 68, the deceptive conduct alleged took place in Colorado, ECF No. 1-2 at 4–6. Therefore, the Court finds this issue slightly favors transfer.

    *iv.    Having a Local Court Determine Questions of Local Law*

Defendants argue that because the case involves "primarily Colorado parties, property located in Colorado, and a transaction that was entered into exclusively in Colorado," Colorado has a local interest in resolving this case. ECF No. 3 at 14. Plaintiffs argue that InBank is a New Mexico bank, and that the loan agreement was accepted in New Mexico, as a matter of law. ECF No. 14 at 13; *see* ECF No. 1-2 at 68. The Court finds, nonetheless, that the District of Colorado has a local interest in resolving this case. *Terrazas,* 140 N.M. at 296 (finding state law applies to torts committed in-state). This factor therefore favors transfer.

    *v.    Accessibility of Witnesses*

Finally, Defendants argue that the majority of the witnesses are in Colorado, ECF No. 3 at 13, but Plaintiffs argue that the "key witnesses in this case are all parties or employees of parties," and that all are thus presumed subject to compulsory process, ECF No. 14 at 10. Plaintiffs also point out that Trinidad, Colorado, where the conduct took

place and where several witnesses are located, is "roughly equidistant" from Santa Fe and Denver, respectively. *Id.* at 11.

This Court, however, sits in Las Cruces, New Mexico, which is 418 miles from Trinidad—whereas Denver is only 198 miles from Trinidad. Moreover, the parties agree that most witnesses are in Colorado. *See* ECF Nos. 3 at 13 (5 witnesses in Colorado); 14 at 10 (2 witnesses in New Mexico). The Court finds that this factor therefore weighs strongly in favor of transfer. *See Bartile Roofs, Inc.*, 618 F.3d at 1169 ("The convenience of witnesses is the most important factor in deciding a motion under § 1404(a).").

    *vi.*    *Cost of Necessary Proof*

Finally, for the same geographical reasons, Plaintiffs argue there is no material difference in the cost of traveling to New Mexico versus that of appearing in Colorado. *Id.* Defendants contend that "travel to Colorado is generally less expensive" for counsel than travel to New Mexico. ECF No. 3 at 13. The Court finds that, for the reasons discussed above, this factor weighs strongly in favor of transfer.

The parties agree that the remaining factors are neutral. ECF Nos. 3 at 14–15; 14 at 13. Because the Court finds that five factors weigh in favor of transfer, while only one weighs against and the rest are neutral, the Court will transfer the case to the District of Colorado.

## CONCLUSION

For the foregoing reasons, Defendants' Joint Motion to Dismiss Complaint Or, In the Alternative, Transfer Venue to the District of Colorado, ECF No. 3, is **DENIED WITHOUT PREJUDICE** as to dismissal, and **GRANTED** as to transfer.

**IT IS THEREFORE ORDERED** that the Clerk is directed to transfer this proceeding to the United States District Court for the District of Colorado.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE